The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Bailiff, and good morning, Council. This is our case number 4-24-0013, our first argument of today. I'll ask the Council to introduce themselves. Council, for the appellant, please state your name for the record. Alice Grigsby from the Office of the State Appellate Defender Thank you, and Council, for the appellate, please state your name for the record. Katrina Kuhn from the Office of the Appellate Prosecutor for the People Thank you, Council. Ms. Grigsby, on behalf of the appellant, you may begin your oral argument at this time. Thank you. May it please the Court. Council, my name is Alice Grigsby with the Office of the State Appellate Defender, and I represent Mr. Pruitt before you today. Given the number of issues and the limited amount of time today, I will be focusing my argument on issues one, the issue of one Act, one crime, and issues two and three, as they relate to sentencing and double enhancement. Therefore, if this Court disagrees with the other arguments contained within Mr. Pruitt's brief, wherein he requests this Court to reverse his convictions, today, alternatively, Mr. Pruitt asks this Court to vacate one of his convictions for unlawful possession of a weapon by a felon, and to remand his case for a new sentencing hearing with proper consideration of his prior criminal history. Going into the first issue, the Illinois Supreme Court established in People v. Crespo that it is the State's burden to place a defendant on notice of its intent to hold a criminal defendant accountable for multiple acts. This case involves a single violation of unlawful possession of a weapon by a felon, charged four different ways in the alternative by the State. This was not charged as four separate acts, or as two separate acts. This was charged as one act of unlawful possession of a weapon by a felon, with each indictment having identical language other than the elevating circumstances of either prior criminal history or Mr. Pruitt's status on mandatory supervised release. Like in Crespo, the State here made no attempt to apportion the charges in this case between two different firearms. And again, when we review the indictments in the case, the counts that charge Mr. Pruitt with four separate offenses, do not differentiate in any way between two separate firearms. The language is identical. In Crespo, the court did acknowledge that the State could have charged and held that defendant accountable for multiple acts. But the reason that the convictions were reversed in that case, or vacated in that case, was because the State did not show an intent from the outset of the case to hold that defendant accountable for multiple acts. And that's the exact same- If I can interrupt, the State's gonna argue that throughout this case, discovery at trial, during their arguments, that it was clear to your client that there were two guns involved and that they were pursuing charges on both those guns. Do you believe that that's sufficient to put the defendant on notice that the State was seeking charges on both of those guns and makes it distinguishable maybe from these other cases? No, Judge. The fact that the evidence was provided in discovery or the evidence established at trial that there were two guns present is not sufficient to overcome the Crespo violation in this case. At trial, we don't see the State specifically arguing that there are two offenses that need to be proven. In fact, on page 292 of the record, we can see the State's closing argument where the State begins by, again, reiterating the elevating factors, not reiterating the fact that there are two firearms or that these are two separate offenses. The State specifically says to the jury that when it's going through the propositions, the State says to the jury, where does that leave us with the final proposition that Mr. Pruitt possessed a firearm? That statement in closing argument does not indicate that the State was seeking to hold Mr. Pruitt accountable for two separate offenses. It indicates that the State was seeking to hold Mr. Pruitt accountable for the unlawful possession and it had four alternative ways of charging that, like the case in Crespo. And additionally, by all accounts, I think everyone other than the State in the courtroom on the day of sentencing thought that these counts were going to be merged to one. Even the court on page 366 initially states that the counts were going to be merged from four to one. So that shows that, I mean, from the outset of the case and through trial, even the court saw this as one offense charged in four alternative ways. It wasn't until the State said at that sentencing hearing, the first time that it's ever been stated on the record, that it was intending to hold Mr. Pruitt accountable for two separate convictions. And that's profoundly unfair. It prejudices Mr. Pruitt for multiple reasons, notably from the outset of the charging and the decision to go to trial, there's a potential that somebody may not go to trial if they know that the State is trying to seek multiple convictions for an offense. And all of those things can affect the decisions that are being made and would have prejudiced Mr. Pruitt because the State failed to put him on notice of that intent to hold him accountable for two different convictions. Another instance that is important to note is that- Council, if I may, and I apologize, I was trying to pull it up, but I'll let you just confirm the review of the record. Are counts one and two identical? I appreciate that you're suggesting it did not distinguish between the .380 caliber pistol with any reference to the pink handle, if you will, but are counts one and two identical? Judge, they are identical in the language of the pistol, but not in terms of the underlying offense used. Or actually, I'm sorry, if I may have just one moment. I was just trying to confirm that they referenced the same case number there also. Yes, Judge, the counts one and two do reference the same case number. The difference in count two is, or I'm sorry, in count one is that it also indicates that Mr. Pruitt was on mandatory supervised release at the time. So that is the only difference between count one and count two. Okay, thank you. At the moment of sentencing, when the judge specifically outlined or suggested that the court was going to merge these counts from four down to the one, the state even conceded at that point, stated specifically that it did not differentiate in the charging documents because it was the same type of pistol. But the fact that it's the same type of pistol does not alleviate the requirement of the state to put the defendant on notice. There are ways that the state could have differentiated these charging documents to indicate that it wanted to hold Mr. Pruitt accountable for two separate offenses. And in fact, if that was the case, we potentially should have seen eight different counts in this case, where each of these four could have been duplicated, you know, to charge Mr. Pruitt with possession of the second firearm. That didn't happen. So nowhere from the outset of the case, through trial and closing arguments, up until the moment of sentencing, do we have the state saying that it wants to hold Mr. Pruitt accountable for two separate convictions. And again, that is profoundly unfair. And that is the reason why Mr. Pruitt requests that this court vacate one of those convictions. And additionally, to remand his case for a proper sentencing hearing. When one conviction is vacated based on a one act, one crime violation, there is case law that indicates if the record is not clear as to whether or not that conviction impacted the sentence, the case should be remanded for a new sentencing hearing. And that's what we have here. If not unclear, even a clear statement by the court that it was considering both of the convictions in sentencing Mr. Pruitt to the maximum sentence, the court makes a statement that there were two firearms and it was going to hold Mr. Pruitt responsible for the possession of both of those firearms. However, even if this court disagrees as to either the vacating of the conviction or that vacating that conviction requires a new sentencing hearing, Mr. Pruitt is still entitled to a new sentencing hearing based on the improper consideration of his prior criminal history. From the outset of this portion of the argument, I think it's important to note that the state has acknowledged that Mr. Pruitt's 2011 conviction for aggravated unlawful use of a weapon should be, or is void under AGLAR. And Mr. Pruitt argues that the consideration of this void conviction is sufficient in and of itself to remand his case for a new sentencing hearing because the court is specifically and emphatically not permitted to consider a void conviction for any purpose. And the court did consider that conviction. On page 383 of the record, the court begins its sentencing ruling. And the very first statement is that the court believes when you look at the pre-sentence report, the prior criminal history or the prior criminal record started in 2011 with an aggravated unlawful use of a weapon and he was sent to prison for that first offense, which is very unusual. So that indicates not only was the conviction specifically mentioned on the record, but the fact that he was sent to prison was, the court found that to be unusual and it seems found that as an aggravating factor in considering the length of the sentence for Mr. Pruitt. The requirement to remand a case for a new sentencing hearing if a void conviction is considered, happens even if the record is not completely clear as to whether or not that specific conviction was considered. For example, in People v. Smith, which is a second district case just used as persuasive authority, but the state in that court, or the state in that case argued that the court didn't specifically mention the void conviction that was being argued in that case, but the court had discussed in general the person's extensive prior criminal history. And the court found that it was improper for the court to have noted a prior void conviction at all. So this discussion of the extensive criminal history was sufficient for that to be a violation and for the case to be remanded for a new proper sentencing hearing. Now, even if this court still does not agree that the consideration of this void conviction entitles Mr. Pruitt to a new sentencing hearing, Mr. Pruitt is still entitled to a new sentencing hearing in this case because he was subject to an improper double enhancement during his sentencing hearing. Double enhancement occurs if the same factor is used as both an element of the offense and as a basis for imposing a harsher sentence than might have otherwise been imposed if the same factor, based on the same factor. Now, Mr. Pruitt understands that the state is permitted to use his prior felony conviction to charge him with the unlawful possession of a weapon. And the state's permitted to use that prior conviction to elevate the class of offense from a class two felony into a class one felony, which also elevates the sentencing range from two to 10 years to three to 14 years. That is not where Mr. Pruitt argues the double enhancement occurred in this case. In this case, the double enhancement occurred when then his prior criminal history was used as almost the sole aggravating factor in determining the maximum 14-year sentence. What we have here is Mr. Pruitt's class of offense being elevated and his sentencing range being elevated based on his prior history. And then we have it being sent to the maximum term to the Department of Corrections based on significantly and almost only aggravating factor referenced by the court, his prior criminal history. Ms. Grigsby, are you saying that a court could never consider, let's say, a period of criminal activity? I think in this case, the judge refers to the length of the criminal history and when it started and how many years continuously he had criminal charges. Are you saying the judge could never consider that type of evidence if it included a felony offense that was used for an enhancement? No, Judge. Mr. Pruitt is not saying that those kinds of things could never be discussed or never be outlined as factors in aggravation at sentencing. But this is not a case where it's vague whether or not the court was considering improper convictions in the prior history in aggravation. The comments and the arguments made by the state on, I think, page 373 through 376, the state specifically argues the prior robbery conviction that was used to elevate the offenses as well as the prior 2011 conviction. And then once the court starts giving its ruling, it immediately opens with and continues throughout discussing only Mr. Pruitt's prior criminal history. So this isn't a circumstance where we see the court discussing the prior criminal history in terms of that period of incarceration or pattern of behavior or as a consideration as to whether or not he would be appropriate for probation because this was a non-probationable offense. So the way that the prior criminal history was considered here when specifically the improper convictions were considered and outlined on the record by both the state and the court is where the double enhancement occurred in this case. If there are no further questions, in conclusion, go ahead, sorry. If I may before, if we could circle back, you discussed the Smith case a few minutes ago. If you could just briefly address the people rely on people versus Matthews, can you explain why you believe that case to be distinguishable? Yes, if I may have just one moment, please. I do not have the facts of that case in front of me, but could review that to address on rebuttal. Thank you. If there are no further questions at this time, in conclusion, Mr. Pruitt is asking this court to vacate one of his convictions for unlawful possession of a weapon by a felon based on the state failing to treat his possession of two firearms as two separate acts. The court should not allow the state to charge an offense in the alternative and then come at sentencing or at appeal and later decide to hold a person accountable for separate acts when they did not do so from the outset of charging or through trial. Also, Mr. Pruitt is asking this court remand his case for a proper sentencing hearing where the vacated conviction is not considered and where the prior 2011 void conviction is also not considered and where there is no improper double enhancement. Thank you. Thank you, counsel. Ms. Kuhn, on behalf of the FLE, you may make your argument at this time. Good morning, your honors. Good morning, counsel. Katrina Kuhn for the people of the state of Illinois. May it please the court. Defendant is a convicted felon prohibited from possessing weapons and despite that legal prohibition, defendant chose to possess two firearms and was sentenced to 14 years in prison for unlawful possession of a weapon by a felon on two counts. Defendant's convictions and sentence should be affirmed. To begin with the one act, one crime argument, unlike Crespo, these crimes are not being apportioned for the first time on appeal. And the possession of each weapon under the unlawful possession of a weapon by a felon statute is a separate violation and supports a separate conviction. This is a case like King where multiple convictions can support multiple acts even if the acts are interrelated. Here, defendant, Justice Bantzl kind of predicted my argument defendant argues that he was not placed on notice and defendant argues that he had no actual notice of the intent to treat this as two acts of possession. From the very beginning of this case, from the probable cause statement throughout opening and closing argument and all points in between, the entire prosecution conveyed two separate acts of possession. On page 180, well, first I'll start with the probable cause statement. It refers- I have a question for you. Yes, sir. As opposed to civil proceedings in criminal cases, there should be no issue ever with regard to pleadings. I mean, this is, charging a crime should be a relatively easy and simple thing to do. And if the state intends to bring two separate charges based on two separate weapons, it's almost impossible to think of anything easier to do to manifest your intent. But the state didn't do that in this case, did it? Your Honor, the state did not specify the black or the pink, the two separate firearms in the indictment. You are correct. The state- I mean, why should we worry about all these nuances that you're now speaking to? Why shouldn't we just hold the state to the fact it didn't charge this case appropriately and too bad? Well, Your Honor, respectfully, because the defendant, because the people put defendant on notice and discussed the plural firearms throughout this prosecution, defendant cannot argue that he was taken by surprise. This was a case- But counsel, the problem with that argument is that defendants are put on notice of the charges against them by the charge against them, not by what the prosecutors say during the subsequent proceedings. And if the charge against the defendant doesn't contain a specific indication that, hey, we're talking about two different charges here, then the musings of the prosecutor during the course of the proceedings leading up to trial, it seems to me, can't overcome that omission. Why should we so hope? Well, I would, Your Honor, I would argue that this was not simply musings prior to trial. This was the state's argument at trial. This was also defense counsel's argument, also referred to plural guns throughout the opening statement. Defense counsel, the people presented ample evidence of two distinct weapons. The defense counsel's cross-examination of the state's witnesses referred to guns in the plural. This was not a case where the people are changing their theory of the case on appeal, which is what happened in Crespo. And, Your Honor, contrast this to a case where the defendant was pictured holding a black weapon in one photograph. And there was a second photograph of a defendant holding a black weapon. In that case, you could argue that there's no indication that there is more than one weapon. Here, we clearly have him holding- That's the point I wanted to make. McLean County is a volume dealer in the Fourth District. They have lots of criminal cases. And perhaps in this case, we could, the remedial effect of pointing out that if you're serious about two separate charges, charge them in two separate ways, make it clear, might be beneficial for the McLean County prosecutor, perhaps others who would bother to read the decisions of this court as providing guidance on how you're supposed to charge offenses. Well, again, Your Honor, the entirety of this analysis does not simply focus respectfully on the indictment. In Crespo, the court did not only look at the indictment. The court looked at the entirety of the prosecution. And, again, I would contrast this to a case where there was one photograph of a defendant holding a weapon, and those weapons were not distinct from each other. Here, there are two weapons- Let me follow up on that. In this case, it's alleged that both of those firearms were .380s. If one of the firearms was a different caliber, say a .45 auto, wouldn't the state have to charge this as suggested by Justice Steigman, that we very clearly lay out the two different firearms? Yes, the state should do that if there are two separate calibers or two separate classifications of firearm. So why does this make a difference? It's clearly two different firearms. The caliber happens to be the same, but why would there be two different requirements there? I'm not sure what Your Honor means by two different requirements. Well, you're suggesting, yes, if there was a .45 and a .380, there would be eight counts instead of four, or at least some way to distinguish the two guns. But there's no distinguishing the two guns of the same caliber in this case. That is true when you were referring to the indictment. However, as I pointed out in the probable cause statement, they were specifically described as black and pink Walther Arms PK 380s. They were detailed in discovery and in pretrial motions. Again, there was no surprise here to defendant. Defendant knew exactly what he was being asked to defend against. And again, defense counsel never raised, never expressed any confusion. He referred to guns. And again, from the first sentence, the people's opening at page 183 of the record and 184 of the record, the defendant's choice was to possess two firearms. And this was made clear- How was the, excuse me, how was the two firearm concept conveyed to the jury in this case, that they were deciding on two different firearms? Your Honor, I don't specifically recall the instructions. However, again, they were told in opening statement, closing argument, in all of the testimony, in the defense counsel's examination of witnesses, there was constant reference to multiple guns, to two guns. And I don't recall the actual jury instructions. Following up with Justice Fancel's comment, and I think this is the challenge that we face though, when we look at the indictment and then we look at the conviction that is to correspond to a count, how are we to determine whether it was the pink gun or black gun on count one or count two? Again, Your Honors, I don't really have an answer for that. I don't, I simply argue that there was evidence presented that defendant possessed two weapons and they were specifically differentiated throughout the trial and throughout the discovery. Your Honors, if I may move to the sentencing arguments. Starting with the, starting with the tenant that is cited on page 29 of my brief, that even if this court vacates one conviction under the one crime doctrine, there's no need for resentencing. A maximum term sentence can still be affirmed and that's People v. Mercado. Now here, defendant starts with the void conviction under Aguilar, which the people have conceded. And the defendant bears the burden of showing that the trial court relied on an improper factor. This is defendant's burden here. And I wish to point out that here, the defendant based her argument, or defendant based his argument on the words of the prosecutor and not the words of the trial court. This was a case where, defendant argued where, that the court was tallying up offenses and the court didn't make those remarks. Those were remarks that were argued to the court. And to the extent that the court referred to the 2011 conviction, pardon me, in recounting the defendant's criminal history, this was a passing reference. This was an observation. It was not necessarily an evaluative argument, an evaluative comment. It was simply recounting that fact. The court did not give it any special emphasis. The court was focused on the defendant's overall history and frankly, the defendant's recidivism. This defendant repeatedly violated his MSR, quickly re-offended, and that was the focus of the court's comments. Pardon me. The court's comments and the court's sentence. There was no affirmative showing that the court placed any weight in arriving at a sentence on the 2011 conviction. The court did note though, that there hadn't been a break or any kind of reduction in seriousness of the offenses. And that's at page 383 of the record. The court noted that each of these offenses posed a risk to the public. And that is really the basis of sentencing is the seriousness of the offense and risk to the public. And then moving to the argument that defendant makes under EASLY, which defendant refers to as a double enhancement argument. This is not an enhancement argument and opposing counsel acknowledged EASLY in her brief as she must because it's Supreme Court law. And here as an EASLY, the defendant was charged with a class two felony, found guilty of a class two felony and was sentenced as a class two offender. None of this was any kind of double enhancement. And what's defendant's argument is, is that the court then was somehow restricted in the sentencing range that it could then apply. And that is simply not the people argue that's simply not the case. The defendant is challenging the balance that's reached by the trial court in a sentencing hearing and trying to prevent courts from considering a criminal history and arriving at an appropriate sentence within the applicable range. And that is clearly the court's discretion. The court could consider here the defendant's pattern of violating and re-offending. And that this evidence, this was evidence that defendant had a very limited prospect of rehabilitation. The prior convictions established that defendant was eligible for these charges. And it could also be a factor in the court's choice of sentencing in this case. And I, again, I move into my argument that the sentence here was not excessive. A sentence within the statutory range is presumed to be valid. And again, this is simply a challenge to the court's sentencing discretion. The court's comments do not indicate that it affirmatively disregarded any evidence and mitigation. And the law presumes that it considered all relevant factors. The court is not required to address or state every factor it finds in mitigation. And here the court, you know, found very little evidence in mitigation and it found substantial aggravating evidence in the fact that this defendant continued to re-offend while he was on MSR. And this was a pattern of re-offending. And the court could rightfully conclude that previous prison terms had not changed this defendant's conduct and then that made no impact on this defendant. And the court then was fully able and justified in imposing a maximum sentence after these, the series of offenses. Your honors, if there are no more further questions the people would ask this court to affirm both of defendant's convictions and his sentence. Thank you, counsel. I see no further questions. Ms. Grigsby on behalf of the appellate and then next there was another argument to finish. You're muted Ms. Grigsby. Thank you. The state in its argument argued that the reference to two firearms throughout trial or at the probable cause statement is sufficient to a place to Mr. Pruitt on notice of their intent to hold him accountable for two acts. But that's simply not the standard that the state is held to. And I would point the court back to Crespo or also the facts of the cases in People v. Green and People v. Beltran that were cited by Mr. Pruitt. In both of those cases, they involve cases of multiple shots being fired and in People v. Green specifically, the first district there stated that whenever there were multiple shots fired, those were closely related, but separate acts that the state could have charged and held the person accountable for, but because they were not charged correctly like we have in this case, the additional convictions were vacated or were reversed. Separately, Judge, or separately, in reference to Justice Lannard's question regarding the Matthews case and the sentencing argument specifically related to the Voight-Aguilar conviction, the Matthews case specifically states that the sentence can be affirmed even if a Voight conviction is considered if the record reflects that the sentencing court's reliance on that conviction is not true. So the Matthews case,  as the Voight-Aguilar conviction was so insignificant that it did not impact the sentence or cause the sentence to be greater. And that's not what we have here. I think it's disingenuous to say that this was just a passing reference to the 2011 conviction. While Mr. Pruitt does apologize for the improper comments attributed to the court in the brief, the comments by the court are still sufficient to show that the court considered that 2011 conviction and considered it improperly. Again, reiterating the opening statement of the court's ruling on sentence, where the court specifically states that whenever it looked at the prior history, the record started in 2011 with an aggravated unlawful use of a weapon. He was sent to prison for that first offense, which is very unusual. That cannot be considered a passing reference to that conviction and what consideration it was given in determining that Mr. Pruitt should be given the maximum sentence here. And again, Mr. Pruitt is not arguing that a prior conviction or pattern of history can never be considered. Again, he is arguing that an improper conviction cannot be considered, whether void or if it was already used to enhance his charges. And we can see here based on, again, the comments by the court and the fact that he did receive the maximum 14-year sentence when his prior history indicates the longest time he had ever been sent to prison was three years. And so based on all of that, it is clear that the prior convictions were considered improperly, and that is why Mr. Pruitt is entitled to a new sentencing hearing. Thank you. Thank you, counsel. The court will take this matter under advisement, issue a decision in due course, and we now stand at recess.